UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISRIEL ISAAC LEE BENSON,<br>Plaintiff,<br>v.<br>SAN FRANCISCO COUNTY JAIL #3,<br>Defendant. | Case No. 22-cv-00965-WHO (PR)<br><br>**ORDER OF DISMISSAL** |

## INTRODUCTION

Plaintiff Isriel Isaac Lee Benson fails to state any claim for relief in his 42 U.S.C. § 1983 complaint. His allegations that state law was violated when he was not allowed to shower for close to two weeks does not state a federal claim. Nor does this denial of showers violate his federal constitutional rights. Because amendment would be futile, the action is DISMISSED.

## DISCUSSION

**A.  Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See id.* § 1915A(b)(1), (2). Pro se pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). Furthermore, a court "is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754–55 (9th Cir. 1994).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.   Legal Claims**

Benson alleges that in December 2021 he was not allowed to take a shower "for close to two weeks" after arrived at the San Francisco County Jail. (Compl., Dkt. No. 1 at 2-3.) He alleges that this violates state regulations. (*Id.*)

These allegations do not state a claim for relief. A violation of state law does not constitute a violation of "a right secured by the Constitution or laws of the United States." *West*, 487 U.S. at 48.

In addition, de minimis injuries or a single instance of inconvenience is not sufficient to state a claim under the Eighth Amendment. *See, e.g., Hudson v. McMillian*, 503 U.S. 1, 9-10 (1992) (Eighth Amendment excludes from constitutional recognition de minimis uses of force); *Anderson v. County of Kern*, 45 F.3d 1310, 1314-15 (9th Cir. 1995) (temporary placement in safety cell that was dirty and smelled bad did not constitute infliction of pain); *Hernandez v. Denton*, 861 F.2d 1421, 1424 (9th Cir. 1988) (allegation that inmate slept without mattress for one night is insufficient to state Eighth Amendment violation and no amendment can alter that deficiency), judgment vacated on other grounds,

2

493 U.S. 801 (1989); *DeMallory v. Cullen*, 855 F.2d 442, 444 (7th Cir. 1988) (correctional officer spitting upon prisoner does not rise to level of constitutional violation); *Holloway v. Gunnell*, 685 F.2d 150 (5th Cir. 1985) (no claim stated where prisoner forced to spend two days in hot dirty cell with no water); *Miles v. Konvalenka*, 791 F. Supp. 212 (N.D. Ill. 1992) (single instance of finding mouse in food not actionable); *Vaga v. Parsley*, 700 F. Supp. 879 (W.D. Tex. 1988) (burned out light bulb, promptly replaced, does not violate Eighth Amendment); *Evans v. Fogg*, 466 F. Supp. 949 (S.D.N.Y. 1979) (no claim stated by prisoner confined for 24 hours in refuse strewn cell and for two days in flooded cell). While allowing an inmate to go for almost two weeks without a shower should not be condoned as a penological practice, in a single instance it does not rise to the level of a constitutional violation.

Because no federal claim has been stated or can be stated on these allegations, amendment would be futile. The complaint will be dismissed.

Benson is reminded that he must exhaust his administrative remedies before filing a federal suit regarding prison conditions. His current claims are unexhausted. (Compl., Dkt. No. 1 at 1-2.) The Prison Litigation Reform Act provides that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. 1997e(a). Compliance with the exhaustion requirement is "mandatory," *Porter v. Nussle*, 534 U.S. 516, 524 (2002), and is "no longer left to the discretion of the district court," *Woodford v. Ngo*, 548 U.S. 81, 84 (2006).

## CONCLUSION

The complaint is DISMISSED for failure to state a claim for relief. The Clerk shall

1  enter judgment in favor of defendants and close the file.

2  **IT IS SO ORDERED.**

3  **Dated:** May 31, 2022



WILLIAM H. ORRICK
United States District Judge